Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Elina E. Kharit (SBN 261029)
ekharit@donigerlawfirm.com
DONIGER/BURROUGHS
603 Rose Avenue
Venice California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX MAXIM, an individual,<br><br>Plaintiff,<br><br>v.<br><br>NETEASE, INC., a Cayman Islands Corporation; GUANGZHOU NETEASE COMPUTER SYSTEM CO., LTD., a People's Republic of China Limited Company; and DOES 1 through 10,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br>  1. COPYRIGHT INFRINGEMENT<br>  2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br><u>Jury Trial Demanded</u> |

ALEX MAXIM, by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.
1
COMPLAINT

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred. It is also proper under Fed. R. Civ. P. 4(k)(2) since this claim arises under federal law, Defendant NETEASE, INC. appears to not be subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction is consistent with the United States Constitution and laws.

## PARTIES

4. Plaintiff ALEX MAXIM ("MAXIM") is an individual residing in Nanaimo, British Colombia.

5. Plaintiff is informed and believes and thereon alleges that Defendant NETEASE, INC. ("NETEASE") is a corporation organized and existing under the laws of the Cayman Islands, with its principal place of business at 26F SP Tower D, Tsinghua Science Park, Building 8, No. 1 Zhongguancun East Road, Haidian District, Beijing, People's Republic of China, 100084. NetEase is registered to do business in the State of Delaware under its former English name, NetEase.com (U.S.) Inc.

6. Plaintiff is informed and believes and thereon alleges that Defendant GUANGZHOU NETEASE COMPUTER SYSTEM CO., LTD ("GUANGZHOU") is a limited company organized and existing under the laws of the People's Republic of China, with its principal place of business located at Unit 01, F2, Building A2, 5 Siyun Road, Tianhe District, Guangzhou, Guangdong Province, 510663 China; and is regularly doing business in and with the United States, including the state of California.

7. Plaintiff is informed and believes and thereon alleges that NETEASE and GUANGZHOU share common ownership through William Lei Ding who is the

founder of NETEASE, its current Chief Executive Officer and director, and is its current majority owner. The NETEASE Form 20-F "Annual Report Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934" filed with the United States Securities and Exchange Commission on April 29, 2020, states that Ding owns approximately 45.1% of NETEASE's outstanding ordinary shares and is its largest shareholder.

8. Plaintiff is informed and believes and thereon alleges that NETEASE wholly owns GUANGZHOU. According to NETEASE Form 20-F "Annual Report Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934" filed with the United States Securities and Exchange Commission on April 29, 2020, in footnote 2 on page 45 provides "Guangzhou NetEase Computer System Co., Ltd […] is 99.0% owned by William Lei Ding, our founder, Chief Executive Officer and director, and 1.0% by two of our employees, respectively."

9. Plaintiff is informed and believes and thereon alleges that Defendant NETEASE has been listed on the NASDAQ Global Select Market since June 30, 2000, under the ticker symbol "NTES," and regularly files reports with the United States Securities and Exchange Commission. Upon information and belief, Defendant NETEASE maintains an Investor Relations contact in New York, New York, in the United States.

10. NETEASE and GUANGZHOU collectively own and control the websites at http://163.com, http://netease.com, and http://lofter.com (collectively, the "NETEASE WEBSITES"). Indeed, the investor relations page of netease.com (http://ir.netease.com/static-files/09271512-fd28-48d0-8c96-330626487a19) links to its United States SEC Form 6-K filing which explains that "NetEase, Inc. (NASDAQ: NTES) is a leading internet technology company in China" and to its Q4 2019 Investor Presentation which promotes that "163.com is one of China's most visited internet portals."

11. The NETEASE "Registration of securities of foreign private issuers pursuant to section 12(b) or (g)" filed on June 27, 2003 explains that "[w]e have full legal rights over and have registered the following domain names with Network Solutions, Inc.: www.netease.com; www.163.com" and explains that "[w]e license and optimize StoryServer from Vignette Corporation to provide efficient and responsive management of the content on www.163.com, the main homepage of the NetEase Web sites." Vignette was a content management company based in Austin, Texas that closed in 2009. Thus, it is clear that since 2003 NetEase has contracted with United States-based companies to manage the content for the NETEASE WEBSITES.

12. In public filings NETEASE has admitted: "Under the NetEase and 163.com brands, we provide various free services, including Chinese language-based e-mail, online chat rooms and discussion forums," and that "[t]he main homepage of the NetEase Web sites, www.163.com, provides a destination for Chinese Internet users."

13. In its April 20, 2018 SEC filings, NETEASE explains that "In addition, the main homepage of the NetEase websites, www.163.com, serves as a one-stop gateway for users to conveniently access our other online services, such as online games, e-mail, e-commerce, video and music streaming, e-reading and a set of other websites and mobile applications."

14. NETEASE has made clear in its public filings that its 163.com website is central to its business, stating: "Our ability to successfully promote and monetize our online games will depend on our ability to adopt and effectively implement innovative marketing strategies, and particularly marketing through online media such as **our 163.com website**, social media sites, game live streaming sites and other online game forums."

15. The NETEASE "Report of foreign issuer rules 13a-16 and 15d-16 of the Securities Exchange Act" filed on August 3, 2007 provides: "NetEase.com, Inc. would like to inform you that its 2006 Annual Report will be available for viewing on its website at http://corp.163.com under the heading 'Investor Info'." That page now forwards to ir.netease.com, NETEASE's public investor relations page.

16. NETEASE has entered into a "domain name license agreement" with GUANGZHOU whereby GUANGZHOU has agreed to pay approximately $1,500 per year to NETEASE in exchange for an illusory license that permits NETEASE attempt to disclaim liability for the NETEASE WEBSITES, according to the NETEASE "Report of foreign issuer rules 13a-16 and 15d-16 of the Securities Exchange Act" filed on May 6, 2003.

17. GUANGZHOU has registered for DMCA protection (see https://dmca.copyright.gov/osp/publish/history.html?search=Netease&id=8cd2206828a04d926df7d2454e773e0f).

18. Plaintiff is informed and believes that NETEASE is the parent of its wholly owned subsidiary NetEase Information Technology Corporation ("NETEASE IT"), a California corporation with its principal place of business at 200 Sierra Point Parkway, Ste 800, Brisbane, California 94005. NETEASE IT provides "market research and information collection" for NETEASE, which includes finding and providing content to NETEASE, and is believed to have worked with NETEASE with regard to the infringements at issue in this action.

19. NETEASE generates substantial revenues from viewership http://163.com and http://netease.com and by residents of the United States—indeed, in the past 3 months of September to November 2019 alone there were approximately 1.82 million visits to http://163.com from computers in the United States. The NETEASE WEBSITES are websites that derive revenue in large part from advertising.

20. The images on http://163.com, including the infringing images at issue in this case, are made available to United States viewers, including in this judicial district, through servers in the United States pursuant to an agreement between NETEASE and California-based Quantil Networks' delivery network (www.quantil.com).

21. Plaintiff is informed and believes and thereon alleges that Defendant NETEASE has been listed on the NASDAQ Global Select Market since June 30, 2000, under the ticker symbol "NTES," and regularly files reports with the United States Securities and Exchange Commission. Upon information and belief, Defendant NETEASE maintains an Investor Relations contact in New York, New York, in the United States.

22. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

23. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO SUBJECT PHOTOGRAPHS

24. MAXIM is a professional commercial, fashion and fine art photographer. Formerly Oleksiy Maksymenko, MAXIM changed his name after immigrating to Canada from his native Ukraine.

25. MAXIM owns thirty-seven (37) original photographs of various subjects (collectively, the "Subject Photographs") that were registered with the United States Copyright Office. Images of the Subject Photographs and their corresponding Copyright Registration information is attached hereto as Exhibit A. Plaintiff is the sole owner of the exclusive rights in the Subject Photographs.

26. The Subject Photographs have been misappropriated and published without permission (or payment of a licensing fee) by the for-profit website http://163.com and https://netease.com. Defendants misappropriated, distributed, and published the Subject Photographs on the NETEASE WEBSITES and associated platforms, and did so without seeking authorization from, or even notifying, MAXIM. This is copyright infringement. Screen captures of the infringing use on the website http://163.com and affiliated websites are attached hereto as Exhibit B.

27. Plaintiff is informed and believes and thereon alleges that NETEASE accessed the Subject Photographs with the assistance of its California subsidiary NETEASE IT via an online search-and-copy campaign and then in or around April of 2017, the NETEASE WEBSITES published the Subject Photographs without the photographers' consent ("Subject Posts").

28. NETEASE purposefully directed activities towards the United States market by, *inter alia*, setting up wholly-owned California subsidiary, setting up investor relations contacts in New York and placing itself on a New York-based exchange, and contracting with California-based Quantil Networks to deliver content to the sizeable market of Chinese-speaking viewers in the United States through a

system of servers located throughout the United States—the very activities out of which claims at issue arise.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants, and Each)

29. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

30. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating an infringing and/or derivative work from the Subject Photographs and by publishing the work which infringes the Subject Photographs to the public, including without limitation, on and through its website(s).

31. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's rights by copying the Subject Photographs without Plaintiff's authorization or consent, creating an unlawful derivative work from the Subject Photographs, and removing any attribution to Plaintiff from the Subject Photographs.

32. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Photographs, including, without limitation, through viewing the Subject Photographs on Plaintiff's website, publications, profiles, exhibitions and/or through other authorized channels, over the internet, including without limitation as accessed via a search engine, or through a third-party source.

33. Plaintiff is further informed and believes and thereon alleges that certain Defendants have an ongoing business relationship with one or more of the other Defendants, and that those defendants transacted in order to traffic in the Accused Image.

34. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

35. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photographs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of its rights in the Subject Photographs in an amount to be established at trial.

36. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

37. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

38. Plaintiff is informed that Defendant NETEASE claims that the NETEASE WEBSITES are not directly owned by, registered to, or administered by NETEASE, and claims that the websites http://163.com and http://netease.com are registered to Guangzhou NetEase Computer System Co., Ltd., a Chinese company located in Guangdong, China, and http://lofter.com is registered to Hangzhou Yaolu Technology Co., Ltd., a Chinese company located in Hangzhou, China.

39. Plaintiff is informed and believes and thereon alleges that Guangzhou NetEase Computer System Co. Ltd. is an Internet service provider ("ISP") which is either a subsidiary or affiliate of Defendant NETEASE and is used by NETEASE as a data center, for web hosting and for transit of information and content for the websites http://163.com and http://netease.com.

40. Plaintiff is informed and believes and thereon alleges that Hangzhou Yaolu Technology Co., Ltd is an ISP which is used by Defendant NETEASE as a data center, for web hosting and for transit of information and content for the website http://lofter.com.

41. Plaintiff is informed and believes and thereon alleges that the images on http://163.com, http://netease.com, and http://www.lofter.com, including the infringing images at issue in this case, are hosted by the above named ISP data centers and transmitted by these ISPs to servers in the United States through an agreement between Defendant NETEASE and Quantil Networks' delivery network ("Quantil"), making the infringing images at issue in this case available to viewers in the United States, including in New York, New York.

42. Plaintiff is informed and believes and thereon alleges that Defendant NETEASE, through its agreements with the above-named ISPs and with Quantil, knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photographs as alleged hereinabove.

43. Plaintiff is informed and believes and thereon alleges that Defendant NETEASE, through its agreements with the above named ISPs and with Quantil, knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction publication, and distribution of the Subject Photographs as alleged hereinabove.

44. Plaintiff is informed and believes and thereon alleges that NETEASE had the right and ability to supervise the infringing conduct and had a direct financial

interest in the infringing conduct. Specifically, it had the ability to oversee the development, publication, and distribution of the infringing imagery at issue and realized profits through the distribution and publication of the Subject Photographs.

45. By reason of the Defendants' acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to his business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

46. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photographs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of its rights in the Subject Photographs, in an amount to be established at trial.

47. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement, in addition to claims for costs and attorneys' fees. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows against all Defendants and with respect to each claim for relief:

    a. That Defendants, their affiliates, agents, and employees be enjoined from infringing Plaintiff's copyright in and to the Subject Photographs;

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages to the extent they are available under the Copyright Act, 17 U.S.C. § 101 et seq.;

c. That Plaintiff be awarded its costs and attorneys' fees to the extent they are available under the Copyright Act U.S.C. § 101 et seq.;

d. That a trust be entered over the Subject Photographs, and all profits realized through the infringement;

e. That Plaintiff be awarded pre-judgment interest as allowed by law;

f. That Plaintiff be awarded the costs of this action; and

g. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: December 16, 2020

DONIGER/BURROUGHS

By: /s/ Stephen M. Doniger
Stephen M. Doniger, Esq.
Elina E. Kharit, Esq.
Attorneys for Plaintiff